GENERAL ELECTRIC COMPANY, Plaintiff, *v.* LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Defendants.

Fourth Department, June 27, 1962.

*Bond, Schoeneck & King (Tracy H. Ferguson* and *John M. Freyer* of counsel), for plaintiff.

*Louis J. Lefkowitz, Attorney-General (Edward Siegfried* and *Herbert H. Smith* of counsel), for Louis J. Lefkowitz, defendant.

*Arthur A. Darrigrand, District Attorney,* defendant in person.

*Joseph J. Scarfarotti* for Mary D. Thomas, defendant.

*Per Curiam.* This is a submission of a controversy on an agreed statement of facts in which the parties seek a construction of section 226 of the Election Law relating to an employee's right to time off to vote. It has been stipulated that Mary Thomas is a registered voter who works on a shift at General Electric from 7:30 A.M. to 4:00 P.M. On November 7, 1961, the polls were open from 6:00 A.M. to 7:00 P.M. Although Mary Thomas required only one and one-half hours to enable her to vote and the polls did not close until three hours after the end of her shift, she took off an hour from 3:00 P.M. to 4:00 P.M.

The plaintiff asks for judgment that section 226 authorizes an employee to take time off to vote only when that time is actually required and that it is not compelled to pay Mary Thomas for the time she took off. The defendants ask for a judgment that a qualified voter not having four consecutive hours of nonwork time in which to vote is entitled to take off as much time as would provide him with four consecutive hours within which to vote. They also ask for a judgment that no determination need be made by either the employer or the employee of what is sufficient time under the statute.

A plain reading of the statute, as a whole and in its several parts, indicates that the interpretation of section 226 requested by the plaintiff is correct. Former section 226 provided that any person entitled to vote at an election could absent himself from his employment, without deduction from his usual salary, for a period of two hours while the polls were open. This section was repealed and a new section was enacted in its stead by chapter 793 of the Laws of 1960, effective January 1, 1961.

Subdivision 1 of the new statute provides: " If a registered voter does not have sufficient time outside of his working hours, within which to vote at any election, he may, without loss of pay for up to two hours, take off so much working time as will, when added to his voting time outside his working hours, enable him to vote." The former section granted to an employee an unqualified right to " absent himself   *   *   *   for a period of two hours, while the polls of the election are open ". The present section does not give an employee a right to time off in

absolute terms; rather, it applies only to one "who does not have sufficient time [to vote] outside of his working hours." Where the old law gave an absolute right to two hours, the employee is now entitled to take off only "so much working time as will, when added to his voting time outside his working hours, enable him to vote." While no limit is set on the time that may be taken off, not more than two of such hours shall be with pay.

Subdivision 2 of the present section provides: "If an employee has four consecutive hours either between the opening of the polls and the beginning of his working shift, or between the end of his working shift and the closing of the polls, he shall be deemed to have sufficient time outside his working hours within which to vote. If he has less than four consecutive hours he may take off so much working time as will when added to his voting time outside his working hours enable him to vote, but not more than two hours of which shall be without loss of pay, provided that he shall be allowed time off for voting only at the beginning or end of his working shift, as the employer may designate, unless otherwise mutually agreed." The first sentence of subdivision 2 excludes from the provisions of the statute all employees who have four consecutive hours of nonwork time in which to vote. The second sentence of subdivision 2 contains the same limitation as subdivision 1, i.e., "he may take off so much working time as will enable him to vote".

The intent to allow time actually required to vote rather than an arbitrary period of four hours is established by subdivision 1 and there is nothing in subdivision 2 to indicate that the Legislature intended that the time to be taken is the balance necessary to make up four hours. Statutory verbiage sufficient to grant an absolute right to four hours without regard to actual necessity is easily found. (*Day-Brite Lighting, Inc.* v. *Missouri*, 343 U. S. 921.) The absence of such verbiage is evidence of legislative intent not to establish an absolute right to time off without regard to necessity. This view is also supported by comparison of former section 226 with the provisions of the present law.

Judgment should be granted in favor of plaintiff, declaring in accordance with its claims stated in paragraphs A, B and D of the submission, without costs.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Submitted controversy unanimously determined in favor of plaintiff, without costs.